UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PHILIP DRAKE TRUSTEE OF THE GEORGE PHILIP DRAKE REVOCABLE TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD W GRIFFITH, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01437 DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT FOR LACK OF JURISDICTION, AND DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>(Docs. 1, 4, 5) |

Ronald and Debora Griffith seek removal of an unlawful detainer action filed in the Kern County Superior Court. (Doc. 1). Because an action for unlawful detainer arises under California law and defenses raised in the answer do not invoke federal jurisdiction, the Court lacks subject matter jurisdiction over this action. Therefore, the Court recommends the matter be **REMANDED** to the Kern County Superior Court and the defendants' motions to proceed in forma pauperis (Docs. 4, 5) be **DENIED** as **MOOT.**

I.   **Factual and Procedural History**

On July 25, 2016, the plaintiff initiated an unlawful detainer action in the Kern County Superior Court (case number MCL-16-000378). (Doc. 1 at 6-8) Mr. Griffith answered the complaint on August 29, 2016 and asserted the actions of serving the notice to quit the premises or the complaint were taken to retaliate against him or were for purposes of discrimination in violation of the

1

Constitution of the United States or the State of California, that the demand for possession violates a local rent control ordinance and that the notice to quit was defective. (Doc. 1 at 9-10)

On September 27, 2016, the defendants removed the action to this Court and assert that doing so is proper because, "[t]he complaint presents federal questions" and because "Defendant's answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Doc. 1 at 2)

## II.     Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus,

the Sixth Circuit explained a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

### III.    Discussion and Analysis

#### A.    The Court lacks jurisdiction over the complaint

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, unlawful detainer is the only cause of action identified by the plaintiff in the complaint.  (Doc. 1 at 6-10.)  Contrary to the assertions of the defendants, an unlawful detainer action <u>does not</u> arise under federal law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Thus, the complaint does not invoke federal subject matter jurisdiction.

The Griffiths also contend that there is federal jurisdiction because of defenses raised in the answer.  However, federal jurisdiction cannot be invoked based upon a defense which sounds in federal law. *See Metro Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 13 (1983)*; see Cal. Equity Mgmt. Grp., Inc. v. Jiminez*, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) (explaining that "a defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses" and remanding an unlawful detainer action to the state court).  Consequently, the

matter must be remanded to the state court.

## IV. Findings and Recommendations

The Court does not have subject matter jurisdiction over this action for unlawful detainer.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").  Therefore, the Court **RECOMMENDS**:

1. The matter be **REMANDED** to the Superior Court of Kern County; and
2. Defendants' motions to proceed in forma pauperis (Docs. 4, 5) be **DENIED** as **MOOT**;
3. The Clerk of Court be **DIRECTED** to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 28, 2016**           **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE